UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE SALAS-ARROYO,<br><br>Defendant. | Case No. CR13-51RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. # 181. Having considered the motion and the record contained herein, the Court finds as follows:

## I.    PROCEDURAL MOTIONS

As an initial matter, the Court finds compelling reasons justify sealing Exhibits A and B of the government's response (Dkt. # 193) and Exhibit 1 to defendant's reply (Dkt. # 199). The government's motion to seal (Dkt. # 194) and defendant's motion to seal (Dkt. # 196) are accordingly GRANTED. The parties' motions to file overlength briefs (Dkts. # 190, # 195) are also GRANTED.

## II.    BACKGROUND

Defendant is a 60-year-old inmate currently incarcerated at Giles W. Dalby Correctional Institution ("GWD CI"). On August 5, 2013, defendant pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Dkt. # 84 at 1. On November 1, 2013, the Court sentenced defendant to 120 months' imprisonment and five

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 1

years of supervised release. Dkt. # 121 at 2–3. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on August 8, 2021. Dkt. # 191 at 5, # 197 at 3. He now moves for compassionate release.

### III.  LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> (ii) . . .
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) **Medical Condition of the Defendant**—
>
>    (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 3

      (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

  (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 4

> imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.
>
> 3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.
>
> 4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.
>
> This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13.[1]

### IV. DEFENDANT'S CIRCUMSTANCES

#### a. Exhaustion Requirement

Prior to considering the merits of defendant's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The parties agree that defendant satisfied this requirement by filing a request

---

[1] For the reasons set forth in detail in United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3-5 (W.D. Wash. May 29, 2020), "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not binding." Id. The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement. Id.

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 5

for compassionate release on November 7, 2020, Dkts. # 191 at 9–10, # 197 at 3, which the Warden at GWD CI denied on November 23, 2020. Dkt. # 181 at 16. Defendant not only filed an appeal of the Warden's denial, but he also filed a grievance of the Warden's decision. Dkt. # 181 at 17–20. Given the lapse of 30 days since defendant's request was presented to the Warden, the Court will consider the merits of his motion for compassionate release.

### b. "Extraordinary and Compelling" Circumstances

Defendant's motion for compassionate release is based primarily on his age and health conditions. The Court need not reiterate the widely known information regarding the symptoms of COVID-19 and the devastating global impact of the virus. COVID-19 has created unprecedented challenges for federal prisons, where inmate populations are large and close contact between inmates is unavoidable. As of March 1, 2021, the BOP reports that 1,408 federal inmates and 1,622 BOP staff have active, confirmed positive COVID-19 test results. See COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited March 1, 2021). Since the BOP reported its first case in late March 2020, at least 222 federal inmates and four BOP staff members have died from the virus. Id. GWD CI currently reports four inmates with active, positive COVID-19 test results, three inmate deaths, and 91 inmates as "recovered." Id.

A review of defendant's BOP medical records reflects that he suffers from type 2 diabetes mellitus, hypertension, hyperlipidemia, and being overweight. See Dkt. # 193 at 14, 136, 139; Dkt. # 199 at 2, 14, 17; Healthy Weight, Nutrition, and Physical Activity, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/index.html (last visited March 1, 2021). The CDC has identified hypertension and being overweight as medical conditions that may increase an individual's risk for severe illness from COVID-19, and type 2 diabetes mellitus as a medical condition that does increase an individual's risk. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 1, 2021). Additionally, the CDC has determined that the "risk of severe illness with COVID-19 increases with age," and "people in their 60s or 70s are, in general at higher risk for severe illness than people in their

50s." See Older Adults, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited March 1, 2021).

In light of the dangers posed by COVID-19, the Court finds the combination of defendant's age, diabetes, hypertension, and overweight status concerning. The Court also notes that defendant has approximately four months remaining on his sentence, after serving more than 95% of his 120-month sentence. Viewing all of defendant's circumstances together, the Court finds defendant has met his burden to demonstrate that "extraordinary and compelling" reasons warrant his compassionate release. 18 U.S.C. § 3582(c)(1)(A).[2]

### c. Additional Considerations

Prior to granting defendant's motion for compassionate release, the Court must find that defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The offense that led to defendant's current term of imprisonment is very serious. For five years ending on January 30, 2013, defendant conspired to distribute methamphetamine in the western United States. PSR ¶ 9. Defendant's past offenses were mostly drug-related and non-violent. PSR ¶¶ 27–39. Other than the conviction underlying his current term of incarceration, defendant's most recent conviction was in 2001 for improper entry by an alien. PSR ¶ 39. The majority of defendant's criminal history took place when defendant was in his late twenties and thirties, and defendant is now sixty years old, which places him among offenders who are less likely to recidivate. See U.S.S.C, Recidivism Among

---

[2] The government argues that defendant's immigration detainer weighs against finding that "extraordinary and compelling" reasons exist for a reduction in defendant's sentence where he would be transferred from one institutional setting to another, but the Court disagrees with the government's analysis. Limiting the amount of time defendant spends in BOP custody mitigates the risk of defendant's COVID-19 exposure there. Various courts have granted compassionate release notwithstanding the existence of an immigration detainer. See, e.g., United States v. Villalobos-Gonzalez, No. CR15-0202-JCC, 2020 WL4569697, at *2 n.2 (W.D. Wash. Aug. 7, 2020) (observing that several courts found that a defendant subject to a valid immigration detainer may still be granted compassionate release); United States v. Monroy, No. 11-CR-00656-LHK, 2020 WL 7342735, at *4 (N.D. Cal. Dec. 14, 2020) (reducing sentence to time served where defendant had an active immigration detainer). Accordingly, this Court declines to consider defendant's immigration retainer as a basis for denying defendant's motion.

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 7

Federal Offenders: A Comprehensive Overview (2016) (reflecting that "[o]ffenders released prior to age 21 had the highest rearrest rate, 67.6 percent, while offenders over sixty years old at the time of release had a recidivism rate of 16.0 percent"). Defendant also has strong family ties, and defendant's son has shared with the Court that he purchased a house in Mexico for defendant to reside in after he is deported. Dkt. # 198-1. With all of these considerations in mind, the Court finds defendant is not a danger to the safety of any other person or to the community as provided in § 3142(g). U.S.S.G. § 1B1.13.

In addition, prior to granting compassionate release, the Court must assess whether a sentence reduction to time served is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which requires that a sentence reflect the seriousness of and provide just punishment for the offense. Id. Although, as previously stated, the offense that led to defendant's current term of imprisonment is very serious, defendant has now served more than 95% of his 120-month sentence and has only four months remaining. Defendant deserved the sentence the Court imposed in November 2013, but the extraordinary nature of the COVID-19 pandemic has altered life as we know it. The risks to defendant's life and health now outweigh the punitive benefits that would be gained from keeping him incarcerated at this time. Cf. United States v. Pippin, CR16-266-JCC, 2020 WL 2602140, at *3 (W.D. Wash. May 20, 2020). Under these circumstances, the Court concludes that releasing defendant early will not frustrate the objectives of § 3553(a).

## V.     CONCLUSION

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 181) is GRANTED. The government's motion to seal (Dkt. # 194) and defendant's motion to seal (Dkt. # 196) are GRANTED. The parties' motions to file overlength briefs (Dkts. # 190, # 195) are also GRANTED.

IT IS HEREBY ORDERED that defendant's custodial sentence be reduced to time served. All other provisions of sentencing remain as previously set.

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 8

IT IS FURTHER ORDERED that defendant shall be released fourteen (14) days from the date of this order to accommodate a quarantine period with the Federal Bureau of Prisons. If defendant tests positive for COVID-19 at any time during this quarantine period, BOP will notify the government who will immediately notify the Court so that this order can be modified appropriately.

IT IS FURTHER ORDERED that if defendant is not taken into U.S. Immigration and Customs Enforcement ("ICE") custody upon his release from the Federal Bureau of Prisons, he shall contact the U.S. Probation Office in Seattle within 24 hours and follow its instructions.

IT IS FURTHER ORDERED that if defendant is not deported by immigration officials, he shall reside in and satisfactorily participate in a residential reentry center program, as a condition of supervised release for up to 180 days or until discharged by the Program Manager or U.S. Probation Officer. The defendant may be responsible for a 25% gross income subsistence fee.

IT IS SO ORDERED.

DATED this 31st day of March, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 9